# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**VERLYNIN BUCKLEY**  **PLAINTIFF**
**ADC #147514**

**V.**         **NO. 4:23-cv-00115-BSM-ERE**

**STEVE YOUNG and**
**AMANDA RODGER**          **DEFENDANTS**

## RECOMMENDED DISPOSITION

I. **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this Recommendation without independently reviewing the record.

II. **Discussion:**

A. **Background**

Plaintiff Verlynin Buckley, a pre-trial detainee incarcerated at the Lincoln County Jail ("County Jail"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Buckley alleges that unidentified County Jail officials took his

"breathing machine" and forced him to eat pork because he previously "put a lawsuit on this jail." *Doc. 2 at 4*. He explains that he believes that these non-party officials retaliated against him because they are friends with the officer that Mr. Buckley previously sued for allegedly using excessive force against him. See *Buckley v. Drake, et al.*, No. 4:22-cv-00076-BRW (E.D. Ark. August 25, 2022). He also alleges that: (1) Sheriff Steve Young has made life difficult since he filed the previous lawsuit; (2) Sheriff Young told his wife that Mr. Buckley could not visit her; and (3) Jail Administrator Amanda Rodger has failed to deliver messages to Sheriff Young on his behalf. He sues Sheriff Young and Jail Administrator Rodger in both their individual and official capacities. He seeks monetary and injunctive relief.

**B.    Standard**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Buckley has stated a plausible claim for relief under § 1983, the Court must assume the truth of all factual allegations in the complaint and determine whether they "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### C. Official Capacity Claims

Mr. Buckley's claims against Defendants in their official capacities are actually claims against Lincoln County itself. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). Lincoln County cannot be held vicariously liable under § 1983 for the actions of county employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, Lincoln County may be liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633.

Mr. Buckley fails to allege that he suffered any constitutional injury as the result of any Lincoln County or County Jail custom or policy. Accordingly, Mr.

Buckley has failed to state a plausible constitutional claim for relief against either Defendant in his or her official capacity.

### D.     Retaliation Claim

To state a retaliation claim, Mr. Buckley must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

In his complaint, Mr. Buckley speculates that unidentified, non-party officers

retaliated against him by denying him breathing treatments and forcing him to eat pork because he previously filed a lawsuit against another officer. However, Mr. Buckley does not identify those officers, nor does he name them as defendants.

With regard to Sheriff Young, Mr. Buckley generally alleges that he has made everything difficult since Mr. Buckley filed his previous lawsuit. In addition, he states that Sheriff Young told his wife that he could not visit Mr. Buckley. Mr. Buckley explains that he believes Sheriff Young denied him the opportunity to visit his wife "because of me filing suit against this town." *Id. at 5*. However, Mr. Buckley's speculative, conclusory, and unsubstantiated allegations against Sheriff Young are insufficient to state a plausible claim for retaliation. As a result, Mr. Buckley's claims against Sheriff Young should be dismissed without prejudice.

In addition, Mr. Buckley states that he believes that Jail Administrator Rodger has failed to deliver Sheriff Young messages on his behalf. Again, Mr. Buckley conclusively states Jail Administrator Rodger engaged in such conduct because he previously filed a lawsuit "against this town." *Id*. Such speculative allegations are insufficient to state a plausible claim for retaliation. Accordingly, Mr. Buckley's claims against Jail Administrator Rodger should be dismissed without prejudice.

### III. <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Buckley's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 22nd day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE